**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUIYUN HUANG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-70254

Agency No. A095-316-219

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Huiyun Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Huang's motion to reopen as untimely because the motion was filed over six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Huang failed to present sufficient evidence of changed circumstances in China to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We reject Huang's contention that the BIA misapplied *Chen v. Mukasey*, 524 F.3d 1028 (9th Cir. 2008). *See Chen*, 524 F.3d at 1030-32 (a petitioner subject to a final order of removal must file a successive and untimely asylum application with the BIA subject to 8 U.S.C. § 1229a(c)(7), which does not include an exception to the time and number limits based on a change in personal circumstances). Huang's contention that the BIA required her to show a "particular change" in country conditions is also unsupported by the record.

Finally, we do not reach Huang's contention that she is prima facie eligible for relief because the BIA did not deny her motion on this basis. *See Najmabadi*, 597 F.3d at 986.

**PETITION FOR REVIEW DENIED.**